UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELIZABETH S., )<br>  )<br>    Plaintiff )<br>  )<br>v. )<br>  )<br>MARTIN O'MALLEY, Commissioner )<br>of Social Security, )<br>  )<br>    Defendant ) | 2:23-cv-00309-LEW |

**REPORT AND RECOMMENDED DECISION**

Plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act. Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE FINDINGS**

Defendant's final decision is the August 17, 2022, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 7-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of major depressive disorder, anxiety disorder, personality disorder, post-traumatic stress disorder, and migraine headaches.  (R. 19.)  The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform work at all exertional levels but with non-exertional limitations.  The ALJ determined that Plaintiff required a job with no interaction with the public and occasional interaction with co-workers and supervisors. (*Id.*)

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of the vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of warehouse worker, retail marker, router.  (R. 26.)  The ALJ determined, therefore, the Plaintiff was not disabled.  (R. 26.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome.  *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not

conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff contends the ALJ erred in the evaluation of the expert medical opinions and in the related RFC assessment.

**A.     Nurse Jennifer O'Connor**

Psychiatric-mental health nurse practitioner Jennifer O'Connor ("Nurse O'Connor") evaluated and treated Plaintiff on three occasions in 2022. Nurse O'Connor determined Plaintiff had certain limitations related to her mental health, which limitations were more restrictive than the ALJ found was necessary in the RFC. (R. 1633-1635.) Nurse O'Connor reported that Plaintiff's anxiety causes her distraction and stress, and it impairs her ability to focus. (R. 1635.) She also determined that Plaintiff's ability to maintain attention for a two-hour segment, to maintain regular attendance, and to complete a normal workday and work week uninterrupted was "seriously limited." (R. 1633.) The ALJ found Nurse O'Connor's opinions unpersuasive because her assessment "is inconsistent with [Nurse O'Connor's] examination notes," "is also inconsistent with claimant's activities of daily living," and is not based on a review of the entire record. (R. 25.)

**B.     Donna Gates, Ph.D.**

Dr. Gates, a consultative evaluator, diagnosed Plaintiff with dysthymic disorder and borderline personality disorder. (R. 894.) Dr. Gates concluded that Plaintiff could follow work rules and function independently on simple tasks, relate to others, use

3

adequate judgment, and function emotionally in jobs within her vocational ability. The ALJ found Dr. Gates' opinion to be persuasive, citing Dr. Gates' thorough explanation and the normal mental status findings.

Plaintiff contends that the ALJ's evaluation of Dr. Gates' opinions is not supportable because the ALJ appears to have assessed the consistency of the opinion in the context of records Dr. Gates did not review. Plaintiff also argues that Dr. Gates opinion is not reliable because the opinion is inconsistent with abnormal mental status findings in Dr. Gates' notes and Dr. Gates did not adequately explain the bases for her assessment.

**C.    Thomas Knox, Ph.D. and Robert Maiehofer, Ph.D.**

Two state agency consultants, Thomas Knox, Ph.D., and Robert Maiehofer, Ph.D., reviewed Plaintiff's medical records and determined that Plaintiff had moderate functional limitations. The ALJ found the opinions to be persuasive, citing the consistency of the opinions with normal mental health status examinations when Plaintiff is compliant with her medications, the detailed explanation for their findings, and the consultants' expertise. (R. 24.)

Plaintiff argues the ALJ's reliance in the consultants' opinions is not supportable because the records reviewed by the consultants were not extensive and they based their assessments largely on the inadequate findings of Dr. Gates.

**D.    Analysis**

Plaintiff's principal argument of error is the ALJ's finding that the opinion of Nurse O'Connor is unpersuasive. According to Nurse O'Connor, Plaintiff is seriously

4

limited in several ways, including in her ability to maintain a normal workday and regular attendance.  An ALJ is regularly required to evaluate various medical opinions based on several factors, including the supportability of the opinion, where the opinion is consistent with other evidence, the relationship between the expert and the claimant, and the expert's specialization.  20 C.F.R. § 416.920c(c)(1)-(5).  The "most important" of the considerations are "supportability and consistency with the rest of the record." *Purdy v. Berryhill*, 887 F.3d 7, 13 n.8 (1st Cir. 2018).

The ALJ examined Nurse O'Connor's findings and the record and supportably found that Nurse O'Connor's own notes were inconsistent with Nurse O'Connor's opinion.  For instance, the ALJ observed that Nurse O'Connor's notes "described [Plaintiff's] (1) appearance as well-groomed; (2) behavior as cooperative; (3) speech as normal; (4) thought content as appropriate; (5) thought processes as logical and coherent; (6) insight as fair; (7) judgment as fair; (8) concentration as intact; (9) language as normal; and (10) perception as normal."  (R. 25.)  Nurse O'Connor's notes are not only inconsistent with her opinion, but the notes are also consistent with the findings and opinion of Dr. Gates.  (R. 891-894.)  The ALJ also found that Nurse O'Connor's opinion was inconsistent with Plaintiff's activities of daily life.[2]

Plaintiff also contends the ALJ's discussion of the findings of Drs. Gates, Thomas, and Maiehofer was not in accordance with the agency's regulations.  To the extent

---

[2] The ALJ cited the fact that Plaintiff resides alone and with her two children as evidence of her level of activity.  Plaintiff testified she does not take care of both of her children – that her youngest child resided with her mother. (R. 63.) Medical records, however, reflect that before the hearing, Plaintiff cared for both children at home.  (R. 437, 1214, 1217, 1220, 1610.)

Plaintiff contends the ALJ failed to explain sufficiently the reasons the ALJ found their opinions persuasive, Plaintiff's argument fails. An ALJ's discussion does not have to be lengthy to satisfy the agency regulations; the discussion is sufficient when it allows a court to conduct a meaningful review of the findings. *See, e.g., Kellie B. v. Comm'r of Soc. Sec.*, No. 1:22-cv-11213, 2023 WL 5154494, at * 11 (E.D. Mich. Aug. 10, 2023) (an "'adequate discussion'" as one that "'enables the court to undertake a meaningful review of [the ALJ's] findings as to whether the particular medical opinion was supported by substantial evidence.'") (quoting *Terhuna v. Kijakazi*, No. 21-37, 2022 WL 2910002, at *3 (E.D. Ky. July 22, 2022)); *Labona v. Kijakazi*, No. 5:23-035-DCR, 2023 WL 4274948, at *3 (E.D. Ky. June 29, 2023) (rejecting the notion that the ALJ's discussion must be extensive to meet the agency standards). The ALJ's discussion satisfies the requirements of the agency's regulations.

While certain entries in the record might include some evidence that could be construed to support Plaintiff's argument, the ALJ's obligation is to weigh the evidence or determine credibility, and to resolve any conflicts in the evidence. *Irlanda Ortiz v. Secretary of Health and Human Services*, 955 F.2d 765, 769 (1st Cir 1991) ("[T]he resolution of conflicts in the evidence is for the Secretary, not the courts."). The ALJ analyzed the relevant evidence and supportably resolved any conflicting evidence.

Plaintiff essentially asks the Court to reweigh the expert medical evidence. "[I]t is not the job of the courts to reweigh the evidence." *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017), *recommended decision adopted*, 2017 WL 2963371 (July 11, 2017). The ALJ's assessment of the evidence is

supportable.  The ALJ did not err.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of April, 2024.